THE KANSAS BUFF BRICK AND MANUFACTURING COMPANY V. JOHN BENTLEY.

No. 15,482.    (95 Pac. 1134.)

MASTER AND SERVANT—*Injury to Employee—Assumption of Risk*: *—Contributory Negligence.* An employee in a quarry who was injured by dynamite that had not exploded when the charges were set off held not to have assumed the risk or been guilty of contributory negligence.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed April 11, 1908. Affirmed.

*W. E. Ziegler,* and *J. H. Dana,* for plaintiff in error.
*J. K. Demoss,* for defendant in error.

*Per Curiam:* This is another quarry case, in which workmen were sent to pick and shovel shale among hidden, unexploded charges of dynamite of the existence of which the men were ignorant, it being the duty of a foreman to locate and remove such charges. One

man was killed, and the plaintiff was badly wounded. The defenses were those usually interposed after such catastrophes—assumption of risk, and contributory negligence.

The court rightfully took from the jury the question of assumption of risk. While that question is one of fact, there was no evidence in this case to take it to the jury. It did not arise upon the plaintiff's evidence, and the defendant's evidence brought the case clearly within the principle of *Harper v. Cement Co.*, 76 Kan. 612, 93 Pac. 179. The fact that the plaintiff knew that dynamite placed in holes frequently did not explode did not make him assume the risk of injury from the negligence of the foreman in failing to perform his duty to locate and take out such unexploded charges.

This court holds that, for the protection of those workmen who have had nothing to do with the preparation and firing of a blast but who must follow the blasters in ignorance of the location of unexploded charges, the master must make an inspection to ascertain what charges failed to explode, and then mark or otherwise safeguard those which did not; and whoever may be entrusted with this work, whether foreman, driller, shooter, or other person, represents the master in a non-assignable duty.

The court did not suggest the answer to question No. 18½, but inquired the answer and saw to it that the answer of the jury correctly appeared. The answer to question No. 83 is entirely sufficient. The law itself answers the question the same way the jury did.

The evidence of negligence on the part of the defendant was ample, and the finding that the plaintiff was not guilty of negligence accords with the proof.

No other question of merit is presented, and the judgment of the district court is affirmed.